# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CONSOL OF KENTUCKY, INC.,**
**Employer Below, Petitioner**

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 17-1058** (BOR Appeal No. 2052151)
                    (Claim No. 2016030789)

**LARRY W. WHITE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Consol of Kentucky, Inc., by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Larry W. White, by Donald C. Wandling, his attorney, filed a timely response.

The issues in this appeal deal with medical treatment and the reopening of the claim for temporary total disability benefits. On October 21, 2016, the self-insured Employer entered an Order denying a request from Robert McCleary, M.D., for a cervical and lumbar MRI. In an Order dated January 31, 2017, the self-insured Employer denied Mr. White's request for a referral to pain management and continued physical therapy. The self-insured Employer closed the claim for temporary total disability benefits in an Order dated March 8, 2017. Mr. White protested the self-insured Employer's Orders.

On August 10, 2017, the Workers' Compensation Office of Judges reversed the self-insured Employer's October 21, 2016, Order, which denied the request for cervical and lumbar MRIs. The Office of Judges also affirmed in-part, and reversed, in-part, the self-insured Employer's Order dated January 31, 2017. The Order was affirmed regarding the denial of pain management and physical therapy for the cervical and lumbar spine without prejudice pending the results of the MRIs and any subsequent requests for diagnosis update stemming from the results of the MRIs. The Order was reversed regarding the denial of physical therapy for the left shoulder with instructions that such is to be authorized. Finally, the Office of Judges ordered that the self-insured Employer's Order dated March 8, 2017, closing the claim for temporary total disability benefits be reversed with instructions that the claim remain open and that Mr. White is granted benefits from the date of suspension as substantiated by proper evidence. This appeal arises from the Board of Review's Order dated November 17, 2017, in which the Board affirmed

1

the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. White, an equipment operator, has a history of seeking chiropractic treatment for cervical and lumbar spine conditions beginning in 2012. The employer submitted medical records from Hill Chiropractic dated July 18, 2012, through October 22, 2012, in which Mr. White sought treatment for pain in his lower back, neck, hand, and upper back. Mr. White was diagnosed with cervicalgia, thoracic spine pain, low back pain, pain-wrist/hand, and muscle spasm. An MRI report of the lumbar spine dated September 28, 2012, revealed degenerative changes, superimposed small broad based disk protrusion seen at L1-L2 asymmetric to the right, tiny disk protrusion suspected at L5-S1 centrally extending inferiorly, some areas of canal foraminal stenosis, possible tear of annulus at L5-S1, and probable hemangiomas. The indication for the study was low back pain to both lower extremities.

Mr. White injured his neck, back and left shoulder in a work-related incident on May 18, 2016, when he slipped going down the steps from his rock truck. The claim was held compensable by Order dated July 12, 2016, for strain of muscle, fascia and tendon at neck level; strain of muscle, fascia and tendon of lower back; and strain of other specified parts of the left shoulder girdle. The claims administrator authorized left shoulder rotator cuff repair on July 25, 2016. Subsequent imaging studies of Mr. White's neck and low back did not identify any acute abnormalities. The employer submitted a CT report of the lumbar spine dated August 29, 2016, which revealed no acute findings. The employer also submitted a CT report of the cervical spine dated August 29, 2016, which revealed no acute bony abnormality.

On September 14, 2016, Robert McCleary, D.O., Mr. White's treating physician, reported that Mr. White presented with left shoulder rotator cuff repair, neck pain, and lower back pain with right leg radiculopathy. It was noted that Mr. White had been participating in physical therapy. Mr. White's forward flexion of the left shoulder was 100 degrees. The assessment was sprain of other specified parts of the left shoulder girdle; strain of muscle, fascia and tendon at neck level; and strain of muscle fascia and tendon of the lower back. Dr. McCleary recommended a cervical and lumbar MRI to further assess Mr. White's condition.

On October 6, 2016, Mr. White underwent an independent medical evaluation with David Soulsby, M.D. Dr. Soulsby, an orthopedic surgeon, reviewed Mr. White's medical records, conducted a physical examination, and found no objective medical evidence of ongoing conditions for Mr. White's neck or low back. Dr. Soulsby did note that Mr. White's shoulder required additional physical therapy following surgical intervention. Dr. Soulsby concluded that

Mr. White had not reached maximum medical improvement at the time of his evaluation and recommended that he complete a course of physical therapy.

Based upon Dr. Soulsby's report, the self-insured Employer denied the request for authorization of MRI studies of the lumbar and cervical spine in an Order dated October 21, 2016. The Order noted that Dr. Soulsby found no indication of ongoing pathology in Mr. White's neck or back. Mr. White protested the self-insured Employer's Order.

Mr. White was evaluated again By Dr. Soulsby for another independent medical evaluation on January 17, 2017. Mr. White's range of motion was restricted beyond reasonable expectation. Dr. Soulsby noted the presence of significant, non-organic pain. Dr. Soulsby concluded that Mr. White had reached maximum medical improvement and that he did not require any additional physical therapy or medical management.

On January 31, 2017, the self-insured Employer denied Mr. White's requests from Dr. McCleary for continued physical therapy and a referral to pain management. The decision was based upon the independent medical evaluation of Dr. Soulsby dated January 17, 2017, which determined that Mr. White had reached maximum medical improvement. Mr. White protested the self-insured Employer's Order.

On March 8, 2017, the self-insured Employer closed the claim for the payment of temporary total disability benefits. In the Order, it was noted that Dr. Soulsby had determined that Mr. White reached his maximum degree of medical improvement. Mr. White protested the self-insured Employer's Order.

By Order dated August 10, 2017, the Office of Judges reversed the denial of cervical spine and lumbar spine MRI studies. The Office of Judges also reversed the denial of physical therapy and affirmed the denial of pain management services pending outcome of the MRI studies. Finally, the Office of Judges reversed the closure of temporary total disability benefits and ordered that the claim remain open for the payment of such benefits upon receipt of medical evidence justifying payment of additional benefits. The Employer appealed the decision of the Office of Judges.

On November 20, 2017, the Board of Review adopted the findings and conclusions of the Office of Judges and affirmed its Order dated August 10, 2017. We agree with the decision of the Board of Review. Although the evidence establishes that Mr. White underwent prior chiropractic treatment for the cervical and lumbar spine from July 18, 2012, through October 22, 2012, the Office of Judges correctly reasoned that the evidence fails to show that Mr. White missed any work due to his pre-existing conditions. The Office of Judges determined that it was only after the compensable injury on May 18, 2016, that Mr. White was unable to work. The record indicates that Mr. White continued to experience pain in his cervical and lumbar spine with numbness and tingling, which was noted by Drs. McCleary and Soulsby. The Office of Judges did not believe that Mr. White's prior CT scans fully and accurately depicted his cervical and lumbar spine and granted the authorization for cervical and lumbar MRIs for diagnostic purposes only. The Office of Judges also found that physical therapy is medically related and

reasonably required for Mr. White's rotator cuff tear, as noted by Dr. Cleary's findings. Based upon the record, the Board of Review's Order should be affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker